BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

RICHARD L. CREIGHTON, JR.
W. JEFFREY SEFTON
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

Attorneys for Plaintiffs Patricia C. Reiter, Christopher J. Reiter and James A. Singler, as Successor Trustee of the Jack L. Reiter and Patricia C. Reiter Irrevocable Trust, U/A/D/ April 27, 2000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| PATRICIA C. REITER an individual and CHRISTOPHER J. REITER and JAMES A. SINGLER, as Successor Trustee of the Jack L. Reiter and Patricia C. Reiter Irrevocable Trust, U/A/D/ August 27, 2000,<br><br>Plaintiffs,<br>v.<br><br>MUTUAL CREDIT CORPORATION, SPURLING GROUP, LLC , SPURLING GROUP II, LLC, MICHAEL BROWN, ANTHONY JACOBSON, DAVID DOTEN, RUMSON CAPITAL, L.P., NATIONAL WEALTH ADVISORS, RICHARD L. SWOPE, SWOPE LAMBERSON, P.A., TODD SHELBAUGH and DOES 1 through 100,<br><br>Defendants. | CASE NO. SACV09- 811 AG (RNBx)<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY**<br><br>Date Action Filed: July 14, 2009 |

   Consistent with the stipulation of parties, pursuant to the court's authority under Fed. R. Civ. P. 26(c), and in order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the court hereby orders:

**Designation of Confidential Information**

   1. Any party or non-party may designate as Confidential any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, medical information, confidential business or financial information, or any other confidential, proprietary, or otherwise sensitive information that is subject to protection under California law, federal law, or any other applicable state law ("Confidential Information" or "Confidential Documents"). Any party may designate any document or portion of a document as Confidential pursuant to this Protective Order by any of the following methods: (a) by stamping the relevant page with the designation "Confidential;" or (b) by affixing the legend "Confidential" on the cover of any multi-page document which shall designate all pages of the document as Confidential.

   2. Except with the prior written consent of the party or non-party originally designating a document as confidential, or as hereinafter provided under this Protective Order, no Confidential Information or Documents may be disclosed to any person, including, but not limited to, any party, law firm, or their agents involved in litigation with any defendant, other than those directly involved in the above-captioned matter.

   3. The parties agree that Confidential Information obtained through discovery in this action shall be used solely by the parties to this litigation for purposes of this action.  This provision shall not be construed as a waiver of the right of any party to seek Confidential Information in any other action or arbitration, including the same Confidential Information obtained through discovery in this action.

**Permissible Disclosures**

4. Notwithstanding ¶2, Confidential Information or Documents can be disclosed to following individuals or entities only to the extent necessary for this litigation:

    a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b. employees of such counsel;

    c. parties, including any officer, agent, or employee (current or former) of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    d. consultants or expert witnesses retained for the prosecution or defense of this litigation;

    e. any authors, custodians, or recipients of the Confidential Information or Documents;

    f. the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

    g. actual or potential deponents and witnesses, provided that deponents and witnesses shown Confidential Information or Documents shall not be allowed to retain copies and shall not use the Confidential Information or Documents for any purpose unrelated to this litigation; and

    h. stenographers engaged to transcribe deposition conducted in this action.

5. Prior to any person (other than the attorneys of record, in-house attorneys, the Court (including appellate courts), arbitrators, and mediators, and the staff of any of the foregoing) being shown Confidential Information or Documents pursuant to ¶4, that person must be provided a copy of this Protective Order and be informed of its contents and shall certify in the declaration attached as Exhibit A that he or she has carefully read the Protective Order and fully

understands its terms and will be bound by its terms. Counsel disclosing Confidential Information to any such person shall retain the original executed copy of the declaration and is required to disclose the executed declarations to opposing counsel only upon order of the Court. Any such person receiving Confidential Information or Documents pursuant to ¶4 shall not reveal or discuss such information to or with any person not entitled to receive such information except as set forth herein.

**Objections to Confidential Information**

6. In the event a non-designating party disagrees with the designation by the producing party of any information or document(s) as Confidential, the objecting party must notify the designating party, in writing, of its objection that the Confidential designation does not comport with the standards set forth in this Protective Order. If the parties fail to resolve such dispute informally within 14 days of the objecting parties' written notice, the objecting party may file a motion with the Court within 21 days of the objecting parties' written notice, or make other informal application to the Court on notice to all parties, to determine the propriety of the designation. Any application to the court pursuant to this paragraph must comply with Local Rules 37-1 and 37-2.

7. The information or document(s) designated as Confidential that is the subject of such motion or informal application shall be treated in accordance with its confidential designation pending the Court's decision on the motion, and any appeals or writs from the Court's decision. The designating party bears the burden of proof that such information is in fact confidential.

**Confidential Information in Depositions**

8. A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. The disclosing party shall

have the right to exclude from attendance at said deposition, during such time as Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed to in paragraph 4 above. Additionally, a party or non-party may designate in writing, within 20 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential. All deposition transcripts shall be treated as Confidential for 20 days after all parties have received such deposition transcripts to allow time for the parties to make their Confidential designations. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in ¶6 above. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in ¶6 above, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**Confidential Information at Trial**

9.   Nothing in this Order shall prevent a party from using any Confidential Information or Documents at a hearing or trial in this litigation. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to object to discovery or to contest the alleged relevancy or admissibility of any material designated as Confidential.  The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which Confidential Information or Documents is

disclosed be restricted to court personnel and persons authorized to receive disclosures of such material by this Court.

**Inadvertent Disclosure**

10. In the event that a party inadvertently discloses Confidential Information or Documents without the proper designation, that party may request confidential treatment of such information or documents by submitting written notice to opposing counsel within 10 days of discovery of the inadvertent disclosure. Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control or in the possession or control of any persons identified in ¶4 to whom they have disclosed such copies as confidential.

**Subpoena by Other Courts or Agencies**

11. If at any time any Confidential Information or Documents governed by this Protective Order are subpoenaed by a Court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall immediately give written notice thereof to any person which has designated such information or documents as Confidential but in no event later than 21 days before production is called for. After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of confidential material. Unless a court orders otherwise, the person to whom the subpoena is directed shall not produce any confidential material until the person seeking to maintain confidentiality has had an opportunity to seek an appropriate order. If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the subpoenaing party

and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any confidential material while a motion for a protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

**Filing**

12.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For the motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**Modification Permitted**

13.   Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**Stipulation Binding Once Signed by the Parties**

14.   If this Protective Order is for any reason not signed by the Court, the parties agree that it shall nevertheless constitute a confidentiality agreement by and between the parties executing it, and the parties shall maintain the confidentiality of information or documents designated "Confidential."

**Responsibility of Attorneys**

15.   The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to and distribution of copies of Confidential Information or Documents.

[PROPOSED] PROTECTIVE ORDER
Case No: CV09- 811 AG (RNBx)

**No Waiver**

16. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. The inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for return of such document or information is made promptly after the producing party learns of its inadvertent production. Upon request, the document or information shall be returned to the producing party, or expunged, and all copies of, summaries of or work product deriving from the document or information shall be destroyed immediately.

17. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

**IT IS SO ORDERED.**

DATED this <u>18th</u> day of December, 2009.

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| PATRICIA C. REITER an individual and CHRISTOPHER J. REITER and JAMES A. SINGLER, as Successor Trustee of the Jack L. Reiter and Patricia C. Reiter Irrevocable Trust, U/A/D/ August 27, 2000,<br><br>Plaintiffs,<br>V.<br><br>MUTUAL CREDIT CORPORATION, SPURLING GROUP, LLC, SPURLING GROUP II, LLC, MICHAEL BROWN, ANTHONY JACOBSON, DAVID DOTEN, RUMSON CAPTIAL, L.P., NATIONAL WEALTH ADVISORS, RICHARD L. SWOPE, SWOPE LAMBERSON, P.A., TODD SHELBAUGH and DOES 1 through 100,<br><br>Defendants. | CASE NO. CV09- 811 AG (RNBx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Date Action Filed: July 14, 2009 |

I, _____ , declare and say that:

    1.    I am employed as_____ by _____.

    2.    I have read the Protective Order entered in *Patricia C. Reiter, et al. v. Mutual Credit Corporation, et al.*, Case No. SA CV 09-811-AG(RNBx), and have received a copy of the Protective Order.

    3.    I promise that I will use any and all "Confidential" Information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

    4.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central

1  District of California with respect to enforcement of the Protective Order.

2      5.    I understand that any disclosure or use of "Confidential" Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

                       Signature: _____