WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
MELANIE D. PHILLIPS (State Bar No. 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
PHILIPP SMAYLOVSKY (*pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

Attorneys for Defendants
Mutual Credit Corporation, Spurling Group, LLC, Spurling Group II, LLC, Michael Brown and Anthony Jacobson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA C. REITER an individual and CHRISTOPHER J. REITER and JAMES A. SINGLER, as Successor Trustee of the Jack L. Reiter and Patricia C. Reiter Irrevocable Trust, U/A/D August 27, 2000,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL CREDIT CORPORATION, SPURLING GROUP, LLC, SPURLING GROUP II, LLC, MICHAEL BROWN, ANTHONY JACOBSON, DAVID DOTEN, RUMSON CAPITAL, L.P., NATIONAL WEALTH ADVISORS, RICHARD L. SWOPE, SWOPE LAMBERSON, P.A., TODD SHELBAUGH and DOES 1 through 100,<br><br>Defendants. | Case No. SACV09-811 AG (RNBx)<br><br>**DEFENDANTS MUTUAL CREDIT CORPORATION, SPURLING GROUP, LLC, SPURLING GROUP II, LLC, MICHAEL BROWN AND ANTHONY JACOBSON'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' APPLICATION TO FILE UNDER SEAL: (1) PROPOSED AMENDED COMPLAINT AND (2) MOTION FOR LEAVE TO AMEND**<br><br>Date Action Filed: July 14, 2009<br>Trial Date: January 18, 2011 |

Defendants Mutual Credit Corporation, Spurling Group, LLC, Spurling Group II, LLC, Michael Brown and Anthony Jacobson (collectively, "Defendants") respectfully request that the Court grant Plaintiffs' Application to File Under Seal their proposed Amended Complaint and Motion for Leave to Amend Complaint (Dkt. No 87).

## I. INTRODUCTION

In their application, plaintiffs request that the Court allow both their proposed amended complaint and their motion for leave to amend complaint under seal. This is because plaintiffs' proposed amended complaint is replete with references to confidential personal information, as well as confidential business information, that is sensitive and not publicly available. Plaintiffs' motion for leave to amend complaint also references this confidential information. The public dissemination of the confidential information contained within these two documents would be harmful to Defendants. This danger was recognized in the protective order agreed to by the parties and entered by the Court, which provides that when such confidential information produced in discovery is submitted to this Court, it shall be filed under seal. Declaration of Melanie D. Phillips in Support of Defendants' Memorandum of Points and Authorities in Support of Plaintiffs' Application to File Under Seal ("Phillips Decl."), Exhibit A (Protective Order), ¶ 12. Indeed, another court has found that this same type of confidential business information was properly within its protective order and found a party in civil contempt for disclosing such information. Defendants respectfully request that the Court also protect this confidential information and grant plaintiffs' application to file under seal their proposed amended complaint and their motion for leave to amend.

## II. THE COURT SHOULD SEAL THE PROPOSED AMENDED COMPLAINT AND MOTION FOR LEAVE TO AMEND

As plaintiffs set forth in their application, substantive information in their proposed amended complaint is based upon confidential materials produced by

Defendants in discovery in this action. Plaintiffs' Application, Dkt. No. 87, at p. 1. In the Ninth Circuit, where the information sought to be protected is "private materials unearthed during discovery," a protective order should be granted "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (protective order requires showing of "good cause"). Under this "good cause" standard, the district court is given "much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d 1180. Good cause exists here, as the public filing of the proposed amended complaint will cause the Defendants, as well as third parties, competitive harm, annoyance, embarrassment and will invade personal privacy interests.

### A. Plaintiffs' Proposed Amended Complaint and Motion For Leave Disclose Defendants' Trade Secrets

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as . . . release of trade secrets." *Kamakana*, 447 F.3d at 1179 (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The fact that the proposed amended complaint discloses Defendants' trade secrets is grounds for sealing the proposed amended complaint. *Nixon*, 435 U.S. at 598 (finding that courts may prevent its records from being used "as sources of business information that might harm a litigant's competitive standing"); *In re*: *Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (granting mandamus petition and ordering licensing agreement to be filed under seal as it contained confidential and commercially sensitive information); *Sullivan v. Deutsche Bank Ams. Holding Corp.*, 08cv2370 L(POR), 2010 U.S. Dist. LEXIS 90017, at *5 (S.D. Cal. Aug. 31, 2010) (granting protective order "[b]ased on the likelihood of improper use by competitors and the proprietary nature of the

confidential information" relating to litigants "unique compensation and incentive programs"); *MMI, Inc. v. Baja, Inc.*, CV 10-0496-PHX-JAT, 2010 U.S. Dist. LEXIS 89344, at *7-*8 (D. Ariz. Aug. 3, 2010) (granting application to file licensing agreement under seal); *see also McDonnell v. Southwest Airlines Co.*, 292 Fed. Appx. 679, 680 (9th Cir. 2008) (finding documents that contained trade secrets were properly filed under seal).

Defendants have produced confidential and sensitive business documents, including confidential business contracts, in this litigation that contain their trade secrets. Defendants have traditionally kept these sensitive business documents secret. Declaration of Lisa Fuller in Support of Defendants' Memorandum of Points and Authorities in Support of Plaintiffs' Application to File Under Seal ("Fuller Decl."), ¶ 5. These documents are not publicly available and contain confidential details of Defendants' business transactions. *Id.* In accordance with this, Defendants marked these documents "CONFIDENTIAL" pursuant to the protective order when they were produced in this action. Phillips Decl., ¶ 2. If this confidential information were publicized, it could be used by competitors and might harm Defendants' competitive standing. Fuller Decl., ¶ 5. Accordingly, this information contained in these documents qualifies as a "trade secret," as it is "information that is used in [Defendants'] business, and which gives [them] an opportunity to obtain an advantage over other competitors who do not know or use it." Restatement of Torts § 757; *see also Nixon*, 435 U.S. at 598.

Plaintiffs' complaint is replete with confidential details from these confidential documents, in some cases quoting directly from these confidential business documents. *E.g.*, Proposed Amended Complaint, ¶¶ 98-113, 126-139. For example, the proposed amended complaint discloses confidential financial information, such as capitalization, rates charged by various parties to perform various act under the agreements. *E.g.*, *id.* at 99, 106, 126, 130, 133. The proposed amended complaint also discloses the structure of the agreements. *E.g.*, *id.* ¶¶ 98,

1   99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 126, 127, 128, 129,
2   130, 131, 132, 133, 134, 138, 139.  Plaintiffs' motion for leave to amend also
3   incorporates this sensitive and confidential business information.  Motion for
4   Leave, 6:24-7:5.  This information is not publicly known and is information that
5   directly affects Defendants' profitability.  Fuller Decl., ¶ 5.  If publicly disclosed,
6   this information could allow competitors to gain an advantage over Defendants.  *Id.*
7   The Court should permit the proposed amended complaint to be filed under seal to
8   protect Defendants' trade secrets.

### B.   Plaintiffs' Proposed Amended Complaint and Motion For Leave Disclose Confidential Personal Information

11  There is a personal privacy concern that compels the sealing of the proposed
12  amended complaint.  Plaintiffs' proposed amended complaint and motion for leave
13  contain information about private family trusts.  Proposed Amended Complaint, ¶¶
14  65, 66, 67, 98, 138; Motion for Leave, 6:24-27.  This private financial information,
15  including confidential information about how these trusts were structured and what
16  they invested in, is entitled to privacy protections.  *Cf. Valley Bank of Nevada v.*
17  *Superior Court*, 15 Cal. 3d 652, 656 (1975) (finding that "the right of privacy
18  extends to one's confidential financial affairs"); *Webb v. Standard Oil Co.*, 49 Cal.
19  2d 509, 513-14 (1957).  Publicly releasing such personal information would invade
20  Defendants' constitutional right of privacy and could cause an unwarranted
21  intrusion into the privacy of the family trusts and the persons related to those
22  private family trust.  *See Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-
23  04-2239 JSW (EMC), 2005 WL 1030218 (N.D. Cal. May 3, 2005); *Denius v.*
24  *Dunlap*, 209 F.3d 944, 958 (7th Cir. 2000) ("Because confidential financial
25  information may implicate substantial privacy concerns and impact other
26  fundamental rights, we agree with the overwhelming majority of our sister circuits
27  that some types of financial information involve the degree and kind of
28  confidentiality that is entitled to a measure of protection under the federal

constitutional right of privacy."). Accordingly, the Court should permit the proposed amended complaint to be filed under seal to protect this confidential, personal financial information.

### C. Defendants Have Previously Been Harmed By Dissemination of Such Confidential Business Information Through Litigation

Defendants have been diligent in protecting this confidential information in the litigation process. Defendants have produced the documents from which the information at issue was taken in at least one other civil litigation that is currently before the Honorable Judge Ronald Brawer in Orange County Superior Court, Complex Division. Phillips Decl., ¶ 4. In that litigation, Defendants marked the documents at issue "attorneys eyes only." *Id.* Nevertheless, another litigant, who was given access to the documents, disseminated some of the sensitive, confidential business information contained therein in a press release. *Id.* Upon discovering the press release, Defendants demanded that the press release be retracted. *Id.* Furthermore, Defendants sought (and were awarded) contempt sanctions against the litigant who disseminated the confidential information from these documents. *Id.*

Even with contempt sanctions, however, the damage wrought by the press release could not be undone. Defendants' competitors were able to approach the funding sources identified and undercut Defendants' arrangements, effectively increasing the Defendants' cost of capital. Fuller Decl., ¶ 6. Massive amount of misinformation (later proved to be false) was distributed by competitors to Defendants' clients and potential business partners. *Id.* The disclosure resulted in damage to Defendants' reputation in the industry and ultimately loss of business opportunities. *Id.*

All of the hard work that Defendants have put into protecting their confidential, sensitive and trade secret business information would be for naught, if the Court were to require that plaintiffs' proposed amended complaint be filed publicly in this action. Furthermore, there would be the risk to Defendants that

1  others would use the public disclosure in the proposed amended complaint as an
2  opportunity to again publicly broadcast sensitive business information relating to
3  Defendants for their own benefit. *See Nygren v. Hewlett-Packard Co.*, C07-05793
4  JW (HRL), 2010 U.S. Dist. LEXIS 59094, at *9-*10 (N.D. Cal. May 25, 2010)
5  (refusing to unseal confidential documents and acknowledging that "plaintiffs' case
6  is proceeding in a court of law, not a court of public opinion."). The proposed
7  amended complaint should be filed under seal to prevent the harassment and
8  competitive harm that Defendants have previously faced when this type of sensitive
9  information was impermissibly publicly disseminated.

### D. The Protective Order Requested Is Narrowly Drawn

The parties can work together to create public versions of the proposed amended complaint and motion for leave to amend that redact only the confidential information of Defendants. This will provide the public with access to the remainder of the proposed amended complaint and motion for leave. Thus, the protective order will be narrowly tailored to provide the public with access to as much of the information contained within the documents as possible.

### III. CONCLUSION

Based upon the foregoing, defendants Mutual Credit Corporation, Spurling Group, LLC, Spurling Group II, LLC, Michael Brown and Anthony Jacobson, respectfully request that the Court grant plaintiffs' application for leave to file under seal their proposed amended complaint and motion for leave to amend.

Dated: September 10, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP

                                  /s/ Melanie D. Phillips
                                  Melanie D. Phillips
                                  Attorneys for Defendants Mutual Credit
                                  Corporation, Spurling Group, LLC, Spurling Group
                                  II, LLC, Michael Brown and Anthony Jacobson